ELLIS, Judge.
This is a suit for property damages by plaintiffs David Randall Martin and Doris R. Martin against defendants Edward Westley, Jr. and his insurer, Employers Commercial Insurance Company. After trial on the merits, judgment was rendered for plaintiffs and defendants have appealed.
This case arises out of an accident in which plaintiffs’ automobile, which was legally parked by the side of the highway, was struck by a vehicle owned and operated by defendant. Defendant testified that he had come up behind a line of three vehicles, and pulled out to pass them. When he had passed two of the vehicles, the third in line suddenly pulled to the left, forcing him onto the shoulder. He regained the surface of the highway, and found himself confronted with an oncoming tractor-trailer which he had not seen before. He took to the shoulder again, in order to avoid a collision with the truck, but hit plaintiffs’ automobile.
The driver of the last car in the line testified that there were from five to seven cars in the line when defendant attempted his passing maneuver. She confirmed that one of the cars ahead of her in the line did pull to its left, forcing defendant to take to the shoulder. She confirmed the presence of the oncoming truck when defendant regained the surface of the highway, and stated that she had not seen it when defendant began his passing maneuver.
The 'investigating officer testified that defendant told him that his brakes had failed, and that, on being tested, defendant’s brakes were found to be defective.
Defendant claims that he would have been able to complete his passing maneuver in safety had not the other vehicle pulled over in front of him, and that the accident was due to the negligence of the driver of the other car, who is unknown, and not to any fault of the defendant.
The district judge found that, since the road was straight, defendant should have seen the oncoming truck when he pulled out to pass, and that defendant was negligent in failing to see it, and in pulling out to pass a long line of cars when he had no certain knowledge that he could get back into his own lane of traffic again.
Defendant points out that both he and the other eyewitness testified that the road was clear when he pulled out to pass, and that it is just as logical to infer that the truck pulled on to the highway after he began to pass.
 We think the trial judge properly resolved the issues before him. The central issue is whether or not the defendant should have seen the approaching van before he began to pass. Since the van was there on the road facing defendant only a few seconds after he pulled out into the passing lane, we think it only logical to infer its presence on the road before he pulled out. Defendant has the burden of proving otherwise, and he has failed to do so. The trial judge also found that defendant was negligent in attempting to pass a *421 line of from five to seven vehicles, and we see no error in this finding under the circumstances presented.
The judgment of the trial court is affirmed, at defendant’s cost.
Affirmed.